FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 22, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERI G., | No. 2:17-cv-00050-FVS |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ECF Nos. 15, 16 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. This matter was submitted for consideration without oral argument. Plaintiff was represented by attorney Dana C. Madsen. Defendant was represented by Special Assistant United States Attorney Christopher J. Brackett. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 15, is denied and Defendant's Motion, ECF No. 16, is granted.

**JURISDICTION**

Plaintiff Teri G. ("Plaintiff") filed for supplemental security income ("SSI") on June 7, 2013. Tr. 277-84, 365. Plaintiff alleged an onset date of June 7, 2013.[1] Tr. 45. Benefits were denied initially, Tr. 213-16, and upon reconsideration, Tr. 223-24. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on September 10, 2015. Tr. 41-85. On September 25, 2015, the ALJ denied Plaintiff's claim, Tr. 12-29, and on December 14, 2016, the Appeals Council denied review. Tr. 1-5. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 46 years old at the time of the hearing. Tr. 63. She went to school until the eleventh grade and eventually earned a GED. Tr. 65. She later obtained a pharmacy technician certificate. Tr. 65. She last worked as a compounding pharmacy technician for about three months in 2014. Tr. 66-67.

---

[1] Plaintiff initially alleged an onset date of March 1, 2009, but amended the alleged onset date to the date of application at the hearing. Tr. 45, 277.

She testified her last job ended because she "had a meltdown." Tr. 67. Her job became overwhelming because she felt pressured and she became depressed. Tr. 68. Plaintiff testified that she gets overwhelmed very easily and then she cannot think or remember things. Tr. 69. She testified she also has anxiety and post-traumatic stress disorder. Tr. 71. She experiences mood swings. Tr. 72. Additionally, Plaintiff testified she deals with back pain on a daily basis. Tr. 69. She has burning, relentless pain in her low back. Tr. 73. She feels that she cannot work due to her back, but "a lot of it's mental." Tr. 69.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy."  42 U.S.C. §
1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to
determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §
416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work
activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial
gainful activity," the Commissioner must find that the claimant is not disabled.  20
C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis
proceeds to step two.  At this step, the Commissioner considers the severity of the
claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from
"any impairment or combination of impairments which significantly limits [his or
her] physical or mental ability to do basic work activities," the analysis proceeds to
step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy
this severity threshold, however, the Commissioner must find that the claimant is
not disabled.  20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to
severe impairments recognized by the Commissioner to be so severe as to preclude
a person from engaging in substantial gainful activity.  20 C.F.R. §
416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not

disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 7, 2013, the application date and the alleged onset date.  Tr. 15. At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; depressive disorder; anxiety disorder; and personality disorder.  Tr. 15.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 16.  The ALJ then found Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> She cannot climb ladders, ropes, or scaffolds, and can perform all other postural activities only occasionally; she can have no

concentrated exposure to extreme cold or hazards such as moving
mechanical parts and unprotected heights; she cannot work at a
production rate pace; and she is limited to superficial contact with the
public, co-workers, and supervisors.

Tr. 20.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 27.

After considering the testimony of a vocational expert and Plaintiff's age,

education, work experience, and residual functional capacity, the ALJ found there

are other jobs that exist in significant numbers in the national economy that

Plaintiff can perform, such as electronics worker, garment sorter, or small products

assembler. Tr. 28. Therefore, at step five, the ALJ concluded that Plaintiff has not

been under a disability, as defined in the Social Security Act, since June 7, 2013,

the date the application was filed. Tr. 29.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

supplemental security income benefits under Title XVI of the Social Security Act.

ECF No. 15. Plaintiff raises the following issues for review:

1. Whether the ALJ improperly discredited Plaintiff's symptom claims; and

2. Whether the ALJ failed to properly consider the medical opinion evidence.

ECF No. 15 at 12-19.

**DISCUSSION**

## A.  Plaintiff's Symptom Claims

Plaintiff contends the ALJ improperly rejected her symptom claims.  ECF No. 15 at 12-15.  An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he

ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible. Tr. 21.

First, the ALJ found Plaintiff's poor work history and prior unsuccessful disability applications undermine her current claim. Tr. 21. The claimant's work record is an appropriate consideration in weighing the claimant's credibility.

*Thomas*, 278 F.3d at 958-59; 20 C.F.R. § 416.929(c)(3) (2011).[2]  The ALJ noted

that Plaintiff filed four previous applications for disability benefits which were

unsuccessful.  Tr. 21.  Two previous ALJs determined that Plaintiff was not

disabled from March 1, 1990 through October 15, 2008, and from April 17, 2009

through May 22, 2013 (a few weeks before the relevant period in this matter).  Tr.

21, 89-97, 160-72.  Plaintiff contends the ALJ "does not elaborate on how the work

history was 'poor,'" yet the ALJ observed that the earnings record reflects virtually

no work history during most of the period that Plaintiff was determined not

disabled.  Tr. 21, 293.  The ALJ's inference regarding Plaintiff's work history is

reasonable, and this is a clear and convincing reason supported by substantial

evidence.[3]

_____

[2] This regulation was revised effective March 17, 2017.  Revisions to Rules

Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5871 (January 18,

2017).  Since the revision was not effective at the time of the ALJ's decision, it

does not apply to this case.

[3] Plaintiff cites S.S.R. 16-3p and argues the ALJ should not have considered

Plaintiff's work history in assessing Plaintiff's credibility.  The Ruling expressly

provides that 16-3p applies only to decisions made on or after March 28, 2016.

Furthermore, the ALJ's discussion of Plaintiff's work history falls within a

Second, the ALJ found that Plaintiff's psychological condition improved during the relevant period. Tr. 21-22. Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ noted that Plaintiff testified her treatment at Spokane Mental Health (Frontier Behavioral Health) ended because her eligibility to receive treatment had expired, and stated that she "wasn't done" with counseling. Tr. 21, 77. However, at her last appointments with that provider in July 2013, Plaintiff reported improvement in her depression and anxiety and an improvement in her ability to independently control her symptoms. Tr. 21, 858, 863, 865. At an office visit with ARNP Hendrikson for medication management in September 2013, it was noted that Plaintiff had been discharged from Spokane Mental Health because she was psychologically stable. Tr. 21-22, 881. At subsequent medication management appointments through March 2015, it was consistently noted that Plaintiff reported improvement in her psychological symptoms and her Effexor dose was decreased over time. Tr. 22, 893-94, 903-04, 930-31, 937-38, 941-43.

---

reasonable interpretation of the consistency of Plaintiff's claims versus the other evidence in the record, even under S.S.R. 16-3p.

Plaintiff suggests the ALJ "cherry-picked" instances of improvement and did not consider the record as whole.  ECF No. 15 at 13, ECF No. 17 at 3 (citing *Ghanim*, 763 F.3d at 1164).  The Court disagrees, as the ALJ considered evidence across the relevant period.  Tr. 22.  Plaintiff also contends her "true status was rather elusive as even the ALJ's expert testified" due to taking both prescribed depressants and stimulants.  ECF No. 15 at 13 (citing Tr. 56-57).  However, the psychological expert, Dr. Martin, reviewed the entire record, including evidence from previously adjudicated nondisability periods, and testified that, "it looked like in later records the antidepressant seemed to work fairly effectively."  Tr. 57.  The ALJ's determination that overall, Plaintiff's psychological condition improved with treatment during the relevant period, is supported by substantial evidence.  Tr. 22.  This is therefore a clear and convincing reason supporting the ALJ's finding.

Third, the ALJ identified inconsistencies in Plaintiff's report of symptoms which undermine her symptom claims.[4]  Tr. 22.  In assessing symptom complaints,

_____

[4] On reply, Plaintiff contends the ALJ "made no such finding" and asserts that the facts cited by the ALJ "related to [Plaintiff's] improved mental health symptoms, not an inconsistency."  ECF No. 17 at 3.  The ALJ stated "these statements are not consistent with the available medical records," which indicates the ALJ found that Plaintiff's statements are inconsistent with the medical evidence   Tr. 22.

the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v.*

*Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). A strong indicator of credibility is the

consistency of the individual's own statements made in connection with the claim

for disability benefits and statements made to medical professionals. S.S.R. 96-7p.

For example, the ALJ noted that Plaintiff testified she experienced significant

increases in anxiety and depression around the 2014 holiday season which caused

her to stop working in December 2014, and that her symptoms have prevented her

from working since then, but that is not consistent with the medical record. Tr. 22,

67-70. In December 2014, ARNP Hendrikson noted that Plaintiff was doing great

overall and she was working part-time and looking for a job. Tr. 22, 941-42. In

March 2015, Plaintiff reported medication had "helped her immensely" and she

was still looking for a job. Tr. 22, 943. The ALJ reasonably determined that

Plaintiff's symptom complaints are undermined by these inconsistencies, and this

is a clear and convincing reason supported by substantial evidence.

_____

Nonetheless, whether or not the ALJ intended it as a separate "reason" for giving

less weight to Plaintiff's symptom complaints is beside the point. The

inconsistency between Plaintiff's testimony and the record was properly

determined to reduce the reliability of her symptom complaints.

Fourth, the ALJ found Plaintiff's activities of daily living are inconsistent with her allegations of disabling limitations. Tr. 22. It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in making the credibility determination. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits. *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). Notwithstanding, if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain. *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989). Furthermore, "Even where [Plaintiff's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

Plaintiff's contends the ALJ "does not elaborate," ECF No. 15 at 13-14, yet the ALJ discussed Plaintiff's daily activities and the inferences drawn therefrom in detail. Tr. 22-23; *see also* Tr. 18. For example, the ALJ noted that Plaintiff successfully completed a ten-month college pharmacy technician program in 2014. Tr. 22, 65. At the hearing, Plaintiff testified that she attended classes on campus for five hours daily. Tr. 22, 66. The ALJ found this contradicts her allegations

that she is not able to function well around people.  Tr. 20-22, 401-07.  Without

citing the record, Plaintiff contends "unreasonable assumptions were made

regarding the class, such as the number of people in the classroom [Plaintiff] had to

deal with for five hours during the week, whether the classes always involved

people or study labs."  ECF No. 17 at 4.  The Court finds no support for this

assertion in the record[5] and, regardless, the ALJ's inference from the evidence is

reasonable.  The Court concludes this and other evidence cited reasonably supports

the ALJ's finding regarding Plaintiff's daily activities, and thus this is a clear and

convincing reason supported by substantial evidence.[6]

_____

[5] To the contrary, Plaintiff testified it was an in-person classroom setting every day.

Tr. 66.

[6] Plaintiff also contends completion of the pharmacy technician program "can

hardly be consistent with meeting the threshold for transferable and sustainable

work skills."  ECF No. 17 at 4 (citing *Orn*, 495 F.3d at 639).  The ALJ asserted

that Plaintiff's participation in the pharmacy tech program is inconsistent with her

allegations of difficulty being around people.  As noted *supra*, even if a claimant's

activities are not necessarily consistent with full-time work, "they may be grounds

for discrediting the claimant's testimony to the extent that they contradict claims of

a totally debilitating impairment."  *Molina*, 674 F.3d at 1113.

Fifth, the ALJ found the objective medical evidence does not support the limitations alleged. Tr. 23. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair,* 885 F.2d at 601. However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2) (2011); *see also* S.S.R. 96-7p.[7] Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Plaintiff does not argue that the objective evidence supports her symptom complaints; rather, her only argument is that the lack of objective evidence cannot be the sole reason for a negative credibility finding. ECF No. 15 at 14. This argument is based on the premise that the other reasons cited by the ALJ are

_____

[7] As noted *supra*, S.S.R. 96-7p was superseded by S.S.R. 16-3p for decisions made on or after March 28, 2016. The new ruling also provides that the consistency of a claimant's statements with objective medical evidence and other evidence is a factor in evaluating a claimant's symptoms. S.S.R. 16-3p at *6.

legally insufficient.  As discussed *supra*, the ALJ's cited numerous clear and convincing reasons supported by substantial evidence as the basis in assessing Plaintiff's symptom complaints.  Furthermore, the Court concludes the additional evidence discussed by the ALJ regarding the objective medical evidence and the record as a whole constitutes substantial evidence supporting the ALJ's findings. Tr. 23.

**B.     Medical Opinion Evidence**

Plaintiff contends the ALJ improperly rejected the medical opinion John Arnold, Ph.D., an examining psychologist.  ECF No. 15 at 15-19.  In August 2015, Dr. Arnold examined Plaintiff, prepared a psychological assessment, and completed a "Mental Medical Source Statement" form.  Tr. 985-94.  Dr. Arnold diagnosed unspecified bipolar disorder; PTSD, delayed onset, chronic; unspecified personality disorder with depressive, masochistic, and dependent features; cannabis use, rule out use disorder; and somatic symptom disorder features.  Tr. 991.  He assessed marked limitations in seven functional areas.  Tr. 992-94.

In November 2015, after the ALJ's September 2015 decision, Dr. Arnold completed a DSHS "Psychological/Psychiatric Evaluation" form.  Tr. 1010-14.  On that form, Dr. Arnold noted diagnoses of major depressive disorder, moderate-severe; generalized anxiety disorder with PTSD features; rule out somatic symptom disorder; and cannabis use, rule out use disorder.  Tr. 1011.  He assessed

a severe limitation in the ability to maintain appropriate behavior in a work setting and four additional marked limitations.  Tr. 1012.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.*  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-

31 (9th Cir. 1995)).

The ALJ gave little weight to Dr. Arnold's August 2015 opinion, the only

opinion from Dr. Arnold reviewed by the ALJ. Tr. 26. Nonetheless, Plaintiff does

not argue the ALJ improperly considered the August 2015 opinion and contends

only that the ALJ erred in considering Dr. Arnold's November 2015 opinion. ECF

No. 15 at 16-17 (citing Tr. 1011-13). Of course, because the November 2015

opinion did not exist at the time of the ALJ's decision, the ALJ could not have

erred in reviewing that opinion. Plaintiff's arguments regarding the ALJ's findings

with respect to the November 2015 opinion are therefore moot.

With regard to the ALJ's consideration of Dr. Arnold's August 2015

opinion, although they are not specifically challenged by Plaintiff, the Court

concludes the ALJ's reasons are specific, legitimate, and supported by substantial

evidence. First, the ALJ found that Dr. Arnold's opinion is not well-supported.

Tr. 26-27. An ALJ may discredit a treating physician's opinion that is unsupported

by the record as a whole or by objective medical findings. *Batson v. Comm'r of*

*Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Second, the ALJ found

that Dr. Arnold's opinion is inconsistent with other opinions in the record. Tr. 27.

The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Third, the ALJ found that Dr. Arnold's opinion is inconsistent with Plaintiff's activities. Tr. 27. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). Tr. 27. These reason are well-supported by the ALJ's citation to the record, Tr. 26-27, and these are therefore specific, legitimate reasons supported by substantial evidence. Moreover, Plaintiff's failure to address these reasons in the context of challenging the ALJ's consideration of the August 2015 opinion means the argument is waived.[8] *Bray*, 554 F.3d at 1226 n.7 (argument not made in opening brief is waived).

With regard to the November 2015 opinion submitted to the Appeals Council, it is part of the record to be considered by this Court. "We hold that when

_____

[8] Although Defendant pointed out that Plaintiff addressed the November 2015 opinion rather than the August 2015 opinion in opening briefing, ECF No. 16 at 8, Plaintiff again referenced the ALJ's consideration of the November 2015 opinion on reply, ECF No. 17 at 5-8 (citing Tr. 1009-14), which was not part of the record available to the ALJ.

a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). The November 2015 opinion contains similar limitations to those assessed by Dr. Arnold in August 2015. One notable difference is that the November 2015 opinion includes the assessment of a severe limitation regarding the ability to maintain appropriate behavior in the workplace, whereas a similar ability, the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, was assessed by Dr. Arnold in the August 2015 opinion as "moderate." Tr. 993, 1012. There is no explanation for a significant change in the rating of those comparable functional abilities between August and November in Dr. Arnold's November opinion or in the record. Furthermore, to the extent there was a significant decline in that functional ability over that period, there is no evidence that it applies to the relevant period. Thus, the Court finds that no there is no reasonable basis to conclude that Dr. Arnold's later opinion impacts the ALJ's findings, and therefore the ALJ's findings are supported by substantial evidence.

**CONCLUSION**

After reviewing the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. The ALJ's interpretation of the evidence was reasonable and supported by substantial evidence in the record.  Therefore, the ALJ's decision is affirmed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is DENIED.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is GRANTED.

The District Court Executive is directed to file this Order and forward copies to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED August 22, 2018.

s/*Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge